PEOPLE, PLAINTIFF AND APPELLEE, v. BARNÉS, DEFENDANT
AND APPELLANT.

Appeal from the District Court of Ponce in a Prosecution
for Violation of the Municipal License Act.

No. 1454.—Decided November 19, 1920.

LICENSE TAX—COMMISSION MERCHANT—MUNICIPAL TAXES.—The defendant admitted that he was the agent of Aboy, Hernández & Co. of New York, in whose name he sold provisions to the merchants of Ponce, sending their orders to the said firm who shipped the provisions to the defendant, with the corresponding invoices, for delivery to the purchasers, and the defendant so delivered them without storing them in any warehouse or in his office, receiving a certain percentage as commission. *Held:* That the defendant is under the obligation to pay to the municipality of Ponce the corresponding license tax, for the business described is included among those subject to the payment of a municipal license tax under group C of section 2 of Act No. 26 of March 28, 1914.

The facts are stated in the opinion.
*Messrs. Parra & Pérez Marchand* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The complaint charges the defendant with having mali-

ciously, wilfully and fraudulently violated section 12 of Act
No. 26 of March 28, 1914, by carrying on the business of
selling provisions, such as rice, codfish, candles, bacon, etc.,
without having obtained the required certificate from the
treasurer of the Municipality of Ponce.

Section 12 referred to in the complaint reads as follows:

"Section 12.—That every person, partnership, association, cor-
poration or other form whatsoever of commercial or industrial or-
ganization who or which shall commence business without the corre-
sponding certificate issued by the treasurer of the municipality, or
shall fail to pay the amount of the tax levied in accordance with
this Act, within the first fifteen days of each quarter shall be deemed
guilty of a misdemeanor and be punishable by a maximum fine of
fifty dollars, as the municipal councils may provide by ordinance."

In order to ascertain what kind of a certificate is referred
to in section 12 it is necessary to examine section 1 of the
said act.

Section 1 authorizes the municipal councils of all the mu-
nicipalities of the Island of Porto Rico to levy and collect
from every person, firm, association, partnership, corpora-
tion or other form whatsoever of commercial or industrial
organization engaged in any of the businesses or industries
thereinafter mentioned, the taxes thereinafter enumerated,
at the rates therein prescribed, the proceeds thereof to be
used in meeting their budgetary expenses.

Section 2 enumerates the businesses upon which the license
taxes may be levied, classifying them in several groups
marked A, B and C.

Group C covers "the businesses of sugar and molasses
mills, brokers, commission merchants, agents with permanent
offices and real estate agents."

It appears that the defendant admitted in his testimony
at the trial that he was the agent of Aboy, Hernández &
Company, of New York, in whose name he sold provisions to
the merchants of Ponce, sending their orders to the said

firm who shipped the provisions to the defendant, with the corresponding invoices, for delivery to the merchants, and the defendant so delivered the goods directly, without storing them in any warehouse managed by him, or in his office, which he had in his dwelling-house, receiving a certain percentage as commission.

On the result of the evidence the defense moved for acquittal for two reasons: First, because the act makes no provision with regard to commercial agencies representing interests which are beyond the law and outside of Porto Rico, nor permits the burdening of a source of business which is not of itself or by representation permanently established in Porto Rico; second, because even if the law should provide for a tax upon an agency such as the defendant has been proved to have, such a tax would be unconstitutional as affecting sources of business situated outside of the Island, and this would be an invasion of the exclusive authority of the Congress of the United States in this respect.

The motion for acquittal was overruled and the court entered judgment finding the defendant guilty of violating section 12 of Act No. 26 authorizing municipal license taxes, and sentencing him to pay a fine of $3 or to be imprisoned one day in jail for each dollar not paid.

The defendant appealed, but filed no assignment of errors and did not appear at the hearing.

The grounds of the motion for acquittal being examined in the light of the evidence introduced at the trial, we are of the opinion that the defendant engaged in the business of commission merchant included in group C of the businesses and industries subject to a license tax, and, therefore, was under the obligation to obtain the corresponding license, having incurred liability in undertaking the business without having the corresponding certificate issued by the treasurer of the Municipality of Ponce.

As a commission merchant the defendant was doing busi-

ness independently of the business done by the firm of Aboy, Hernández & Company, of New York, and could not claim exemption from obtaining the corresponding license for carrying on such business, in accordance with the act governing the matter. And the act imposing that obligation can not be considered void and unconstitutional, for we do not see, and the appellant has not shown, that the said act tends to interfere with interstate commerce, or that it obstructs such commerce in practice. The tax is not imposed upon the business of Aboy, Hernández & Company, but upon the business of the defendant.

See our decisions in the cases of *Ponce Lighter Company* v. *Municipality of Ponce et al.*, 19 P. R. R. 725; *People* v. *Central Fortuna*, 22 P. R. R. 100, and *People* v. *Subirá*, 27 P. R. R. 567.

The judgment appealed from is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.